# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID E. SHULER,　　　　　　　　　　　　No. CIV S-09-3037-FCD-CMK-P

　　　　　Petitioner,

　　vs.　　　　　　　　　　　　　　　　　FINDINGS AND RECOMMENDATIONS

D.K. SISTO,

　　　　　Respondent.

_____/

　　　　　Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole in 2008. Pending before the court is respondent's motion to dismiss (Doc. 13) the petition as untimely.

## I.  BACKGROUND

　　　　　Petitioner is serving a sentence of fifteen-years-to-life in state prison following his conviction for second degree murder. Petitioner appeared before the Board of Prison Terms ("Board") on January 30, 2008, for a parole eligibility hearing. That same day, the Board denied parole. Petitioner challenged the denial of parole in a habeas petition filed in the Humboldt County Superior Court on December 21, 2008, which was denied on February 18, 2009.

1  Petitioner then filed a habeas petition in the California Court of Appeal on February 26, 2009.
2  That petition was denied on March 5, 2009.  Petitioner then filed a petition for review in the
3  California Supreme Court on March 12, 2009, which was denied on April 22, 2009.  The instant
4  federal petition was filed on October 28, 2009.

6  **II.  DISCUSSION**

7  Respondent argues that the instant federal petition is untimely.  Federal habeas
8  corpus petitions must be filed within one year from the later of: (1) the date the state court
9  judgment became final; (2) the date on which an impediment to filing created by state action is
10 removed; (3) the date on which a constitutional right is newly-recognized and made retroactive
11 on collateral review; or (4) the date on which the factual predicate of the claim could have been
12 discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d).  Typically, the statute
13 of limitations will begin to run when the state court judgment becomes final by the conclusion of
14 direct review or expiration of the time to seek direct review.  See 28 U.S.C. § 2244(d)(1).  In
15 cases involving a challenge to the denial of parole, the statute of limitations begins to run on the
16 date that parole is denied.  See Redd v. McGrath, 343 F.3d 1077, 1085 (9th Cir. 2003).

17 The limitations period is tolled, however, for the time a properly filed application
18 for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be
19 "properly filed," the application must be authorized by, and in compliance with, state law.  See
20 Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v.
21 DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a
22 state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions
23 and the failure to comply with those time limits precludes a finding that the state petition is
24 properly filed).  A state court application for post-conviction relief is "pending" during all the
25 time the petitioner is attempting, through proper use of state court procedures, to present his
26 claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered

"pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold, 536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay.  See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review.  See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no tolling for the period between different sets of post-conviction applications.  See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period.  See Nino, 1983 F.3d at 1006-07.

Here, the statute of limitations began to run on January 30, 2008 – the date the Board denied parole.  Petitioner filed his first state habeas case almost eleven months later on December 21, 2008.  Petitioner then waited an additional seven months after the California Supreme Court denied relief on April 22, 2009, before filing the federal petition on October 28, 2009.  Assuming statutory tolling for all the time his state habeas cases were pending, and all the time between them, the federal petition would have been due within a month after the California Supreme Court's April 22, 2009, decision.  As it is, petitioner waited until the end of October 2009 to file his federal petition.  Because the petition was filed beyond the one-year limitations period, it is untimely and must be dismissed.

Petitioner's argument in opposition to respondent's motion is unavailing.  According to petitioner, the Board's decision did not become final until May 29, 2008 – the date on which administrative review of the Board's decision concluded.  Assuming for the moment

that the statute of limitations began to run on this date instead of January 30, 2008, the instant federal petition is still untimely. Calculating the limitations period from May 29, 2008, petitioner waited almost seven months before filing his first state court action on December 21, 2008. This means that petitioner would have had about five months after the California Supreme Court's April 22, 2009, denial to file his federal petition. Petitioner, however, waited six months before filing the federal petition on October 28, 2009. Thus, even calculating the one-year limitations period based on a May 29, 2008, start date, the petition is still untimely by about one month.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Respondent's motion to dismiss (Doc. 13) be granted; and

2. The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 27, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE